CLERK'S COPY

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

FILED
UNITED STATES DISTRICT COURT
DISTRICT OF NEW MEXICO

99 JUL 30 AM 10: 37

Robert Manuel
CLERK-SANTA FE

YVONNE SCARAFIOTTI,
individually and as Personal
Representative of the Estate of
ROBERT SCARAFIOTTI, deceased,

    Plaintiffs,

vs.

No. CIV 98-1427 MV/JHG

ABEX CORPORATION,
a Delaware Corporation,

ALLIED SIGNAL, INC., a Delaware
Corporation, as Successor in Interest
to the Bendix Corporation,

CHRYSLER MOTOR
CORPORATION,
a Delaware Corporation, and

GENERAL MOTORS
CORPORATION,
a Delaware Corporation,

MOR-PARTS, INC.,
a New Mexico Corporation,

    Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** is before the Court on Plaintiff's Motion to Remand, filed January 25, 1999 [Doc. 7]. The Court, having considered the motion, response, reply, relevant law, and being

otherwise fully informed, finds that the motion is well taken and will be **GRANTED**, as explained below.

## BACKGROUND

This case presents a wrongful death action allegedly arising out of the decedent's exposure to auto parts containing asbestos. Plaintiff originally filed suit in state court on May 3, 1996. The original Complaint named the current Defendants, with the exception that Mor-Parts, Inc. ("Mor-Parts"), a New Mexico corporation, was named and Chrysler Motor Corporation ("Chrysler") was not named. The presence of Mor-Parts as a defendant defeated diversity jurisdiction. On April 18, 1997, Plaintiff filed a motion to join Chrysler as a defendant and to file an Amended Complaint. On May 22, 1997, more than one year after the initiation of the lawsuit, Plaintiff filed a Notice of Voluntary non-Suit dismissing with prejudice Mor-Parts as a defendant, leaving only diverse parties. On June 4, 1997, the state court entered an order permitting Plaintiff to join Chrysler as a defendant and to file an Amended Complaint. The only difference between the original and the Amended Complaint is the presence of Chrysler as a defendant in the latter. Chrysler was served with the First Amended Complaint on October 20, 1998. Chrysler filed its Notice of Removal on November 19, 1998, on the basis of diversity jurisdiction. This motion to remand followed.

## ANALYSIS

The issue raised in the present motion is whether Chrysler is barred from removing this case to federal court by virtue of the fact that its Notice of Removal was filed more than one year after the case was filed in state court. The Court concludes that because Defendant has not made a colorable showing of fraudulent joinder, removal is barred by the provisions of 28 U.S.C. § 1446(b).

Defendant Chrysler's removal is premised on 28 U.S.C. § 1446(b), which states in its entirety:

> The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.
>
> If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable, *except that a case may not be removed on the basis of jurisdiction conferred by section 1332 of this title more than 1 year after commencement of the action.*

28 U.S.C. § 1446(b)(emphasis added). "Congress amended § 1446(b) in 1988 to include the 1-year limitation in order to 'reduc[e] the opportunity for removal after substantial progress has been made in state court.'" *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 75, 117 S.Ct. 467, 476 (1996) (quoting H.R.Rep. No. 100-889, p. 72, 1988 U.S.Code Cong. & Admin.News pp. 5982, 6032). As a result, no case which was "not originally removable [when filed]... may be removed from state to federal court based on diversity of citizenship more than 1 year after commencement of the action." *Lewis*, 519 U.S. at 68; *see also Rezendes v. Dow Corning Corp.*, 717 F.Supp. 1435, 1438 (E.D.Cal.1989) (question of how much progress has actually been made in state court prior to removal is irrelevant); *Royer v. Harris Well Service, Inc.*, 741 F.Supp. 1247, 1249 (M.D.La.1990) (same).

The parties agree that this one year-bar on removal in diversity cases is called into question in the present case. Defendant presents the following arguments in an effort to circumvent the bar: (1) the action was not "commenced" within the meaning of New Mexico law until the First

3

Amended Complaint was filed; (2) dismissal of the non-diverse party and joinder of Chrysler created "an entirely new and different suit;" (3) that the one-year bar does not apply if Plaintiff fraudulently joined the non-diverse party. The Court finds that the first and second argument are without merit and that Defendant has failed to make even a colorable showing of fraudulent joinder in support of the third argument.

### 1. Commencement of the Action

Title 28 U.S.C. § 1446(b) bars removal of an originally non-removable case "more than 1 year after commencement of the action" in state court. 28 U.S.C. § 1446(b); *Lewis*, 519 U.S. at 68. Defendant agrees that Plaintiff filed suit more than one year prior to its Notice of Removal, but argues that the action did not "commence" until it was joined as a party.

The majority of courts considering the one year removal bar have applied the law of the state to determine when the action "commenced." *See Howell v. St. Paul Fire & Marine Ins. Co.*, 955 F.Supp. 660, 663 (D.La. 1997); *Perez v. General Packer, Inc.*, 790 F.Supp. 1464, 1469 (C.D.Cal. 1992); *Rezendes*, 717 F.Supp. at 1437; *Kite v. Richard Wolf Medical Instruments Corp.*, 761 F.Supp. 597, 599 (D.Ind.1989). New Mexico Rule of Civil Procedure 1-003 provides that "[a] civil action is commenced by filing a complaint with the court." N.M.R.C.P. 1-003; *see also Hughes v. Joe G. Maloof, Co.*, 84 N.M. 516, 505 P.2d 859 (Ct. Ap.. 1973). The language of the rule is identical to that of Federal Rule of Civil Procedure 3, applied by a minority of courts to determine when an action "commenced" within the meaning of 28 U.S.C. § 1446(b); *see Brierly v. Alusuisse Flexible Packaging, Inc.*, 170 F.3d 583, 589 (6th Cir. 1999); *O'Brien v. Powerforce, Inc.*, 939 F.Supp. 774, 777 (D. Hawai'i 1996); *Norman v. Sundance Spas, Inc.*, 844 F.Supp. 355, 357 (D.Ky.1994). Thus,

under either New Mexico or federal law, the present suit was commenced when the original complaint was filed, more than one year prior to Defendant's Notice of Removal.

Defendant resists this conclusion by arguing that Plaintiff's "failure to specifically seek relation back to the original filing" on filing the Amended Complaint, "results in the action now being pursued" as having commenced on the filing of the Amended Complaint. This argument lacks any foundation in law or logic. Plaintiff was under no obligation to "specifically seek relation back," as Defendant suggests. Plaintiff's Amended Complaint was filed within the statute of limitations. Thus, the relation back doctrine has no application whatsoever and the Plaintiff had no reason to invoke it when filing her Amended Complaint.

Rather, as numerous courts have concluded, an action commences within the meaning of § 1446(b) on the filing of the original complaint, regardless of any subsequent amendments. *See Price v. Messer*, 872 F.Supp. 317, 320 (S.D.W.Va.1995) (defendant added two years after commencement of suit could not remove case due to one year bar); *Royer*, 741 F.Supp. at 1248-9 (removal not available to defendant added four years after commencement of lawsuit). This Court likewise finds that the present action commenced more than one year prior to Defendant's Notice of Removal.

2.  **Joinder of Chrysler and Dismissal of Mor-Parts**

Defendant next attempts a different twist on the above argument by asserting that "an entirely new and different suit" was created when Plaintiff dismissed the non-diverse party and joined Chrysler to the case, "reviving the right to remove."

Defendant's argument is premised on *Wilson v. Intercollegiate (Big Ten) Conference Athletic Ass'n*, 668 F.2d 962, 966 (7th Cir.1982), cert. denied, 459 U.S. 831, 103 S.Ct. 70, 74 L.Ed.2d 70 (1982). The *Wilson* court, applying an earlier version of the removal statute, stated,

> [s]ection 1446(b) of the Judicial Code provides that if a case filed in a state court, though removable to federal court, is not removed by petition filed within 30 days of the receipt of the complaint, it is not removable thereafter. The courts, however, have read into the statute an exception for the case where the plaintiff files an amended complaint that so changes the nature of his action as to constitute "substantially a new suit begun that day."

*Id.* Defendant fails to even acknowledge that the quoted language and the principal of *Wilson* were superceded by the statutory amendments which established the one year bar on removal in diversity cases presently at issue. 28 U.S.C. § 1446(b); *Messick v. Toyota Motor Manufacturing, Kentucky, Inc.*, 45 F.Supp.2d 578, 581 (E.D. Ky. 1999); *Jenkins v. Sandoz Pharmaceuticals Corp.*, 965 F.Supp. 861, 866 (N.D.Miss. 1997); *Essenson v. Coale*, 848 F.Supp. 987, 989-90 (M.D.Fla.1994); *Burke v. Atlantic Fuels Marketing Corp.*, 775 F.Supp. 474, 475-76 (D.Mass. 1991). Indeed, the very purpose of the addition of the second paragraph to § 1446(b) was to give defendants a chance at removing cases which were originally not removable but became removable as a result of acts by the plaintiff, such as amendments to the complaint which add or remove parties. *See* David D. Siegel, Commentary on 1988 Revision of Section 1446. However, at the same time, Congress imposed a one year limit on removals based on diversity jurisdiction, regardless of the later developments in the case. 28 U.S.C. § 1446(b); *Lewis*, 519 U.S. at 68. Accordingly, the Court finds that the dismissal of Mor-Parts and joinder of Chrysler did not create "an entirely new lawsuit" thereby "reviving the right to remove" outside the one year bar contained in the statute. *See Price*, 872 F.Supp. at 320; *Messick*, 45 F.Supp.2d at 581; *Jenkins*, 965 F.Supp. at 866.

### 3.     Fraudulent Joinder

Defendant next argues that the one year bar does not apply because Plaintiff may have fraudulently joined the non-diverse party, Mor-Parts, solely for the purpose of defeating diversity

6

jurisdiction. Defendant argues that fraudulent joinder would remove it from the reach of the one year bar by one of two routes. First, Defendant argues that the one year bar only applies to case which were non-removable at their inception and that if Mor-Parts was a sham defendant all along, then this case was in fact removable from its inception. Alternatively, Defendant asserts that the one year bar is a procedural rule, not a jurisdictional rule, which this Court may disregard in the interests of equity, as when a plaintiff engages in fraud to defeat federal jurisdiction.

Both of these arguments delve into undecided regions of the law and both may have merit to them. *See Brierly v. Alusuisse Flexible Packaging, Inc.*, 170 F.3d 583, 589 (6th Cir. 1999) (holding one year bar only applies to cases which were originally nonremovable); *New York Life Insurance Co. v. Deshotel*, 142 F.3d 873, 886 (5th Cir. 1998) (same); *Ritchey v. Upjohn Drug Co.*, 139 F.3d 1313 (9th Cir. 1998), cert. denied, 119 S.Ct. 407, 142 L.Ed.2d 330 (1998) (holding one year bar did not apply to removal based on fraudulent joinder); *Barnes v. Westinghouse Elec. Corp.*, 962 F.2d 513 (5th Cir.) cert. denied 113 S.Ct. 600 (1992) (one year bar is only procedural and can be waived or estopped); *Ferguson v. Security Life of Denver Ins. Co.*, 996 F.Supp. 597, 603 (N.D. Tex. 1998) aff'd 162 F.3d 1160 (5th Cir. 1998) (one year bar is procedural and susceptible to equitable claims including fraudulent joinder); *Beisel v. Aid Ass'n for Lutherans*, 843 F.Supp. 616, 618 (C.D.Cal. 1994) (removal not available after one year even given evidence of fraudulent joinder); *Russaw v. Voyager Life Ins. Co.*, 921 F.Supp. 723, 725 (M.D.Ala. 1996) (removal after one year not available even given evidence of fraudulent joinder); *Beasley v. Goodyear Tire & Rubber Co.*, 835 F.Supp. 269, 272-73 (D.S.C.1993) (removal not available where motion brought beyond 30 day filing deadline even when based on claim of fraudulent joinder); *Brock v. Syntex Laboratories, Inc.*, 791 F.Supp. 721, 722-23 (E.D. Tenn. 1992) (removal not available after one year

even where plaintiff initially sought $10,000 in damages and then amended complaint after one year to seek $5 million, bringing the case within diversity jurisdiction); *Perez v. General Packer, Inc.,* D790 F.Supp. 1464 (C.D.Cal.1992) (one year bar jurisdictional and not subject to equitable claims); *Hom v. Service Merchandise Co.*, 727 F.Supp. 1343, 1344 (N.D.Cal.1990)(one year bar procedural and subject to equitable claims).

But even if the Court were to accept Defendant's legal arguments, the problem here is that Defendant has produced no evidence nor even a real argument for fraudulent joinder in this case. Defendant merely asserts that because Plaintiff voluntarily dismissed the non-diverse party after the one year bar had passed, Plaintiff may have acted fraudulently in first naming the party. Defendant, however, provides absolutely no grounds for this assertion. More specifically, the Court has been given no information about Mor-Parts other than that contained in the First Amended Complaint, which merely states that all of the companies named provided the asbestos-containing auto parts which allegedly caused the decedent's lung cancer and eventual death. The Court has before it absolutely no information as to what role Mor-Parts may or may not have played in the chain of events nor why Mor-Parts was dismissed from the case. Yet, as Defendant acknowledges, the heavy burden of proving fraudulent joinder lies with it.

In lieu of providing evidence or even a hypothetical argument demonstrating fraudulent joinder, Defendant asks the Court for time to engage in discovery in an attempt to produce such evidence. However, Defendant has provided the Court with no explanation of why such discovery is necessary. Specifically, Defendant has not explained to the Court what information it does or does not possess about Mor-Parts or what information it can or cannot gain from its co-Defendants

8

regarding Mor-Parts. Rather, Defendant makes an unspecified, blanket request to engage in discovery.

A claim of fraudulent joinder may be based on evidence outside the initial pleadings. *Smoot v. Chicago, Rock Island and Pacific Railroad Co.*, 378 F.2d 879, 881-82 (10th Cir.1967); *Dodd v. Fawcett Publications, Inc.*, 329 F.2d 82, 85 (10th Cir.1964); *Smith v. Southern Pac. Co.*, 187 F.2d 397, 400 (9th Cir.1951). Defendant cites *Smith v. Blockbuster Entertainment Corp.*, 100 F.3d 878, 882 (10th Cir. 1996), for the further proposition that discovery in federal court on the issues pertinent to remand is appropriate. In *Blockbuster*, the district court had denied a motion to remand stating simply that the motion was "not well taken." The record before the court apparently contained conflicting or incomplete information about the citizenship of one of the defendants, leaving the court with the impression that diversity jurisdiction existed. In sending the case back to the district court, the Tenth Circuit stated, "[w]e are holding that the motion for remand should be given further consideration, and that the district court, after allowing reasonable discovery, should explain the basis for its action, whatever that action may be." *Id.* Thus, the Tenth Circuit indicated that discovery was appropriate in that case, in which the district court already had before it conflicting information regarding jurisdiction and in which the basis for the court's refusal to remand the case was unclear. The court *Blockbuster* said nothing else on the issue of discovery and this Court has been unable to locate any other cases addressing the issue.

While the Court agrees that in some cases discovery on the issue of fraudulent joinder may be appropriate before ruling on a motion to remand, the Court does not agree that such discovery is warranted in every case. Nor does the Court read the simple statement quoted above from *Blockbuster* as standing for that proposition. If the Court were to adopt a rule that defendants could

9

remove a case to federal court and then gain access to discovery on the mere hypothetical assertion of fraudulent joinder, this would simply invite groundless removals, causing unnecessary delays,[1] and resulting in baseless fishing expeditions to the detriment of plaintiffs. This Court "will not assume-- unless given reason to do so-- that plaintiff's counsel has falsely represented" the appropriate parties to a suit. *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994).

Rather, the Court finds that to be entitled to discovery on the issue of fraudulent joinder, the defendant must make at least a colorable showing of fraud and/or demonstrate that the facts relevant to this question are completely within the control of the plaintiff. The defendant must come forward with some basis for the claim of fraudulent joinder, or some explanation of why it cannot on its own produce that information. The Defendant in the present case has done neither.

Thus, because Defendant has failed to make even a colorable showing of fraudulent joinder or to demonstrate that such evidence lies uniquely in the hands of Plaintiff, the Court finds that Defendant is not entitled to discovery on the issue. Further, because Defendant has failed to provide any basis for the claim of fraudulent joinder, the Court concludes that even if this were a legally viable means of escaping the one year bar on removal in diversity cases contained in § 1446(b), it is not one available to Defendants at this time. *See Burns*, 31 F.3d at 1097 (mere conclusory allegations that plaintiff falsely represented amount in controversy insufficient to defeat motion to remand).

## CONCLUSION

---

[1] Indeed, the present case has already been pending for over three years with little apparent progress.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion to Remand **[Doc. 7]** is hereby **GRANTED**.

_____
MARTHA VAZQUEZ
DISTRICT COURT JUDGE

Attorney for Plaintiffs:
Whitney Buchanan
David Lyle

Attorney for Defendants:
Briggs Cheney
Alfred Green
Thomas Domme